983 So.2d 1259 (2008)
K.A.E.M.
v.
J.M.C., Born H.
No. 08-CJ-1171.
Supreme Court of Louisiana.
June 20, 2008.
PER CURIAM.
Pretermitting the merits, we find this application is untimely. Relator's writ application in this court was filed on May 30, 2008, eighty-six days after the court of appeal denied her writ application on March 5, 2008 and well outside of the thirty day period mandated by Supreme Court Rule X, § 5. Although relator's application in this court was filed within thirty days from the court of appeal's denial of rehearing, Supreme Court Rule X, § 5(a) extends the thirty-day period for taking writs to this court only "in those instances where a rehearing is allowed" in the court of appeal. Uniform Court of Appeal Rules 4-9 and 2-18.7 do not provide for a rehearing from a denial of an application for supervisory writs.[1] Thus, the delay for taking writs to this court ran from the court of appeal's original writ denial, not its denial of rehearing. See State v. Crandell, 05-1060 (La.3/10/06), 924 So.2d 122; Y.F.B. v. R.D.R., 01-0345 (La.4/12/01), 787 So.2d 276; Morris v. Stueben, 01-0137 (La.1/26/01), 781 So.2d 1220.
*1260 For these reasons, the application is not considered, as it was not timely filed.
NOTES
[1] We recognize the court of appeal's writ denial in this case was done with an opinion and purports to affirm the judgment of the trial court. However, having declined to exercise its supervisory jurisdiction by denying the writ, the court of appeal was without jurisdiction to affirm, reverse or modify the judgment of the trial court. See Bulot v. Intracoastal Tubular Services, Inc., 02-1035 (La.6/14/02), 817 So.2d 1149; see also Davis v. Jazz Casino Co., 03-0276 (La.6/6/03), 849 So.2d 497.